UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| Robert Martin,<br><br>       Plaintiff<br><br>v.<br><br>National General Insurance Company<br><br>       Defendant | Case No.: |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, and 1446, Defendant files this Notice of Removal of the above-captioned action from the Superior Court in Cumberland County, Maine, Docket No. CV-21-79, to the United States District Court for the District of Maine pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. In support of the Notice of Removal, Defendant states as follows:

1. On or about March 4, 2021, Plaintiff filed a Complaint in the Superior Court, Cumberland County, State of Maine, captioned *Robert Martin v. National General Insurance Company*, Docket No. CV-21-79. A true and accurate copy of the Complaint is attached hereto as **Exhibit A**. Removing Defendant first received a Summons and copy of the Complaint on March 9, 2021. A copy of the Summons is attached hereto as **Exhibit B**.

4. The claims asserted by Plaintiff stem from his allegation that National General Insurance Company breached the homeowner's policy it issued to him.

5. The action filed by Plaintiff alleges, (1) Breach of Contract; (2) Negligence; and (3) Unfair Claims Settlement Practices pursuant to 24-A M.R.S. § 2436.

6. Removal is appropriate in this case pursuant to 28 U.S.C. § 1441 and 1446

1

because Defendant has satisfied the procedural requirements for removal, and this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1441, 1331, 1332 and 1367.

## I. Defendant Has Satisfied the Procedural Requirements for Removal

1. This Notice of Removal is being timely filed within 30 days after removing Defendant received a copy of the pleadings setting forth the claim for relief upon which the action is based, as required by 28 U.S.C. § 1446(b).

2. No responsive pleading or motion has been filed in the State court action.

3. Venue is proper because the Cumberland County Superior Court is located within the District of Maine, and, therefore, venue is proper in this Court because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

4. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Maine Superior Court, Cumberland County, and served on Plaintiff.

## II. Federal Question and Supplemental Jurisdiction

1. This Court has original subject matter jurisdiction under the federal-question jurisdictional statute, 28 U.S.C. § 1331, and/or supplemental subject-matter jurisdiction under 28 U.S.C. § 1367, of all the claims in the original Complaint.

2. Plaintiff's claims arise under federal law because the Complaint as applied to the applicable insurance policy invokes substantial questions of federal law.

3. In his Complaint, the Plaintiff alleges the following:

    1. "On March 7, 2017, [Plaintiff's] property at 76 Deep Cove Road suffered water damage due to a frozen and burst hot water supply pipe. (**Exhibit A** at ¶ 5.)

    2. "On March 7, 2017 [Plaintiff] notified National General Insurance

       Company by notifying National General's Maine agent." (**Exhibit A** at ¶ 6.)

3. Plaintiff alleges that ServPro was initially dispatched to mitigate the water damage, but at the request of National General, the demolition work by ServPro was ceased so that Air Quality management could perform an inspection, which occurred on April 28, 2017. (**Exhibit A** at ¶¶ 9-10.)

4. Plaintiff alleges that due to the delay in responding to the water damage at his home, microbial growth occurred increasing the scope of work and repairs. (**Exhibit A** at ¶ 12.)

5. On March 1, 2019 Plaintiff presented a claims for damages he alleged were caused by National General's delay and refusal to indemnify him for costs of remediation, for which he alleges coverage was denied. (**Exhibit A** at ¶¶ 13-15.)

6. Plaintiff filed his Complaint against National General on or about March 4, 2021, approximately four years after the loss at issue occurred. *See generally* **Exhibit A**.

    5.    The applicable insurance policy issued by National General to Plaintiff contains the following language:

> **G.**    **Suit Against Us**
>
> No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss.

*See* National General Homeowner's Policy attached hereto as **Exhibit C** at pg. 14 of 21.

    6.    Plaintiff did not commence this lawsuit against National General until approximately four years after the date of the loss in violation of his policy with National General. Pursuant to the terms of the applicable insurance policy, his claims are barred. *Id.*

    7.    Maine law, pursuant to 24-A M.R.S. § 2433, provides the following with respect to statutes of limitations contained in policies of insurance issued by foreign

insurers:

> No conditions, stipulations or agreements in a contract of insurance shall deprive the courts of this State of jurisdiction of actions against foreign insurers, or limit the time for commencing actions against such insurers to a period of less than 2 years from the time when the cause of action accrues.

8. The terms domestic insurer and foreign insurer are defined in 24-A M.R.S. § 6 as follows:

> **1.   Domestic Insurer.**  A **"domestic" insurer** is one formed under the laws of this State.
>
> **2.   Foreign Insurer.**  A "foreign" **insurer** is one formed under the laws of any jurisdiction other than this State.

9. On its face, 24-A M.R.S. § 2433, imposes different sets of rules on foreign and domestic companies and therefore creates an uneven playing field among those foreign and domestic insurance companies.

10. This uneven playing field necessarily invokes the dormant Commerce Clause.

11. The United States Supreme Court has addressed the scope and applicability of the dormant Commerce Clause with respect to a Maine statute as recently as 1997. In *Camps Newfound/Owatonna, Inc. v. Town of Harrison*, 520 U.S. 564 (1997), the United States Supreme Court held that a property tax exemption statute, which provided favorable property tax treatment for non-profit camps serving in-state residents and penalized those institutions catering primarily to out-of-state campers, violated the dormant Commerce Clause.  The Court held that state laws discriminating against interstate commercial are virtually *per se* invalid and protectionism based upon

state residence is forbidden under the dormant Commerce Clause. *Id.* at 596-97.

12. Specifically, the Court noted "[t]here is no question that if this statute targeted profit-making entities, it would violate the dormant Commerce Clause. 'State laws discriminating against interstate commerce on their face are 'virtually *per se* invalid.'" *Id.* at 575-76 (quoting *Fulton Corp. v. Faulkner*, 516 U.S. 325 (1996). The court further noted that it had "consistently . . . held that the Commerce Clause . . . precludes the state from mandating that its residents be given a preferred right of access, over out-of-state consumers, to natural resources located within its borders or to products derived therefrom." *Id.* at 576 (quoting *New England Power Co. v. New Hampshire*, 455 U.S. 331 (1982)).

13. Therefore, resolution of Plaintiff's claims will turn entirely on this disputed federal issue, namely, whether 24-A M.R.S. M.R.S. § 2433 violates the dormant Commerce Clause.

14. Additionally, Plaintiff's claims that expressly rely on state law are removable because they are within the supplemental jurisdiction of the court under 28 U.S.C. § 1367, and are inextricably intertwined with the Court's federal-question jurisdiction.

15. Based on the foregoing, the Defendant respectfully submits that this case is removable under 28 U.S.C. § 1441(a).

### III. Diversity Jurisdiction Exists

1. Alternatively, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1331 over all the claims in the original Complaint.

2. There is complete diversity of citizenship between Plaintiff and Defendant.

3. Plaintiff is a resident of Raymond, Maine. **Exhibit A** at ¶ 1.

4. Defendant is a foreign insurance company with a principal place of business and headquarters in Winston-Salem, North Carolina. **Exhibit B**.

5. Diversity exists between Plaintiff and Defendant because they are citizens of different states. *See* 28 U.S.C. § 1332.

6. Upon representations made by Plaintiff in submitting his claim for damages, and correspondence from Plaintiff's counsel to Defendant dated March 1, 2019, Plaintiff is seeking damages in this lawsuit that exceed $75,000. *See* Affidavit of Samuel Johnson attached hereto as **Exhibit D** at ¶ 4.

7. Additionally, based on the face of Plaintiff's Complaint, which seeks compensation for "substantial" remediation and repair costs to his home, in addition to statutory attorney fees and interest under 24-A M.R.S. § 2436-A, the amount in controversy exceeds $75,000. *See* **Exhibit A** at ¶¶ 1-2, 12-14, 26-27.

7. Accordingly, the amount in controversy is satisfied.

8. There is complete diversity between the parties in this case, and the amount in controversy exceeds $75,000, therefore this Court has jurisdiction over this matter based on diversity of citizenship. *See* 28 U.S.C. §§ 1332 and 1441(b).

WHEREFORE, Defendant respectfully gives notice that the State Court Action has been removed from the Maine Superior Court, Cumberland County, to the United States District Court for the District of Maine pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, and requests that this Court assume jurisdiction over this action.

Dated at Portland, Maine this 8th day of April, 2021.

                          NORMAN, HANSON & DeTROY, LLC

                          */s/ Thomas S. Marjerison*
                          Thomas S. Marjerison, Esq.
                          Samuel G. Johnson, Esq.
                          Attorneys for Defendant

Two Canal Plaza
P.O. Box 4600
Portland, ME 04112
207-774-7000
tmarjerison@nhdlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 8th, 2021, I electronically filed the foregoing Notice of Removal together with a true copy of Exhibits A, B, C, and D referenced therein with the Clerk of Court by electronic mail to newcases.portland@med.uscourts.gov.  I served same upon the following:

David Kreisler, Esq.
Terry Garmey & Associates
482 Congress Street, Suite 402
Portland, ME 04101
dkreisler@garmeylaw.com

/s/ Thomas S. Marjerison, Esq.
Thomas S. Marjerison, Esq.
Samuel G. Johnson, Esq.
Attorneys for Defendant
Two Canal Plaza; P.O. Box 4600
Portland, ME 04112
207-774-7000
tmarjerison@nhdlaw.com