## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ROBERT MARTIN, | ) |
| Plaintiff | ) ) ) |
| v. | ) ) |
| NATIONAL GENERAL INSURANCE COMPANY, | ) ) )  Case No.: 2:210cv-00102-GZS |
| and | ) ) |
| INTEGON NATIONAL INSURANCE COMPANY, | ) ) ) ) |
| Defendants | ) |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, Robert Martin, by and through undersigned counsel, Terry Garmey & Associates and complains against the Defendant National General Insurance Company and Defendant Integon National Insurance Company as follows:

### PARTIES, JURISDICTION AND VENUE

1.  At all times material herein, Robert Martin was a resident of the Town of Raymond, Cumberland County and State of Maine.

2.  At all times material herein, National General Insurance Company is a Corporation engaged in the business of providing homeowners insurance to consumers like Robert Martin in the State of Maine.

3.  On or about January 6, 2017 National General Insurance Company issued a Homeowners Insurance policy to Robert Martin providing property damage and loss coverage for a property owned by Robert Martin at 76 Deep Cove Road,

Raymond, Maine. (A true and correct copy of the Policy is attached hereto and incorporated by reference as Exhibit A).

4. At all times material herein, Integon National Insurance Company was the underwriter of the Policy issued by National General Insurance Company.

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1446, and pursuant to Removal of the action from the courts of the State of Maine.

**FACTUAL BACKGROUND**

6. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

7. On March 4, 2017 the property at 76 Deep Cove Road suffered water damage due to a frozen and burst hot water supply pipe.

8. On March 4, 2017 Robert Martin notified National General Insurance Company by notifying National General's Maine agent.

9. As instructed by the National General agent, Robert Martin contacted ServPro to provide emergency casualty response services.

10. Subsequently National General Insurance through its agents and claims adjusters dealt directly with ServPro to coordinate the water damage response and to prevent further loss while restoration could be accomplished.

11. On March 4, 2017 National General Insurance through its Senior Field Property Adjuster, Peter Thompson, instructed ServPro to stop all demolition work, and advised Mr. Martin that National General had retained Air Quality Management ("AQM") to perform separate water damage inspection and to provide demolition protocol for further work.

12. National General Insurance Company did not engage AQM April 26, 2017, and AQM did not inspect the property until April 28, 2017.

13. As a consequence of National General's decision to terminate the services of ServPro, and its failure to engage the services of AQM for 2 months no further demolition work could be completed.

14. As a consequence of National General's delay in responding to the water damage microbial growth occurred throughout the home, substantially increasing the scope of work and the cost of repairs.

15. On March 1, 2019 Robert Martin, through his attorney presented in writing a claim for damages caused by National General's delay and refusal to indemnify Robert Martin for the additional costs of remediation.

16. On March 1, 2019 Robert Martin, through his attorney, further made a claim for additional covered dwelling damages as provided in the Homeowner's policy issued to Robert Martin.

17. On or after March 7, 2019 National General declined coverage.

## COUNT I
**Breach of Contract**

18. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

19. Plaintiff Robert Martin entered into a binding insurance contract with defendant National General Insurance Company.

20. National General Insurance Company, and Integon National Insurance Company were obligated by his contractual agreement to provide coverage for loss of property and for remediation and repair from the covered loss due to water damage from the frozen and burst hot water supply pipe.

21. National General Insurance, and Integon National Insurance Company were obligated by the National General insurance policy issued to Robert Martin to take reasonable steps to remediate and prevent additional damage.

22. National General Insurance, and Integon National Insurance Company breached its obligation to Richard Bryant by refusing to reimburse him for covered property loss, and further breached its obligations by causing unnecessary delay in the progress of remediation and demolition.

23. As a consequence of its breach of contract, Plaintiff Robert Martin suffered pecuniary damages and loss.

## COUNT II
### Negligence

24. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

25. National General, and Integon National Insurance Company owed Robert Martin a duty to exercise reasonable care in effecting remediation and demolition of the Cove Road Property.

26. National General, and Integon National Insurance Company breached their duty to Robert Martin by causing delay in the remediation and demolition.

27. As a consequence of the Defendants General's failure to exercise reasonable care Plaintiff Robert Martin sustained damages and loss of property.

## COUNT III
### Unfair Claims Settlement Practices
### 24A MRSA § 2436

28. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

29. Defendants violated the provisions of the Maine Unfair Settlement Practices Act by:

   a. Failing to acknowledge and review claims, which may include payment or denial of a claim, within a reasonable time following receipt of written notice by the insurer of a claim by an insured arising under a policy;

   b. Failing to affirm or deny coverage, reserving any appropriate defenses, within a reasonable time after having completed its investigation related to a claim; and

   c. Without just cause, failing to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear.

**WHEREFORE**, the Plaintiff, Robert Martin, demands Judgment in his favor against all Defendants for all sums due for direct and indirect damages including but not limited to loss of property and property damage and other substantial pecuniary, economic, and consequential damages.

DATED at Portland, Maine this 30th day of July, 2021.

Respectfully Submitted,

/s/*David Kreisler*
David Kreisler, Esq. – Bar #8098
*Attorney for Plaintiff, Robert Martin*

**TERRY GARMEY & ASSOCIATES**
482 Congress Street, Suite 402
Portland, ME 04101
(207) 899-4644
dkreisler@garmeylaw.com

5